UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MUJAAHIDA DUFFY,

    Plaintiff,

v.                                                           Case No. 3:18cv2156-RV-HTC

FEDERAL BUREAU OF INVESTIGATION
and JAMES E. JEWELL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Parties' Joint Motion to Transfer Venue (ECF Doc. 18). Through their motion, the Parties seek to transfer this action to the Middle District of Alabama under 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 636(b)(1)(C), this case has been referred to the undersigned for a report and recommendation. Upon consideration of the Parties' Joint Motion to Transfer Venue, the undersigned recommends that the case be transferred to the Middle District of Alabama for the convenience of the parties.

Plaintiff Mujaahida Mali Rasheedah Bint Duffy ("Duffy"),[1] proceeding *pro se,* has filed a *Bivens*[2] suit against the Federal Bureau of Investigation ("FBI") and FBI Agent James E. Jewell, alleging violations of her Second, Fourth and Sixth Amendment rights. ECF Doc. 1. Duffy's claims arise out of an incident involving guns belonging to Duffy's husband, Jack Renfro, or herself, which were remitted to the Geneva County Sheriff and subsequently confiscated by the FBI. *Id*.

Before determining whether this matter should be transferred to the Middle District of Alabama, pursuant to 28 U.S.C. § 1404(a), the Court must first ensure that venue is proper in the Middle District under 28 U.S.C. § 1391(e)(1). Section 1391(e)(1), provides, in pertinent part, that a civil action in which a defendant is an officer or employee of the United States or any agency thereof or the United States, may be brought "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Accordingly, this action may be brought in the Middle District of Alabama because the guns at issue were remitted by Duffy (or Renfro) to the Geneva

---

[1] Jack Renfro was also a plaintiff in this action when the case was initially filed, but subsequently filed a notice of voluntary dismissal (ECF Doc. 15)of his claims. He has, thus, been terminated as a plaintiff in this action.
[2] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Case No. 3:18cv2156-RV-HTC

County Sheriff's office, which office is located in the Middle District of Alabama. Additionally, it was from the Geneva County Sheriff's office that the guns subsequently made their way to the FBI.

In determining whether the action should be transferred to the Middle District of Alabama under 28 U.S.C. § 1404(a), for the convenience of the parties, the Court considers the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Delorenzo v. HP Enter. Servs., LLC,* 79 F. Supp. 3d 1277, 1281 (M.D. Fla. 2015) (citing *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Here, the parties submit to the Court and have agreed that those factors, namely the convenience of the witnesses, the access to evidence and the efficiency of litigating this matter are advanced by transferring this matter to the Middle District of Alabama.

Accordingly, it is RECOMMENDED:

1.   That the Parties' Joint Motion to Transfer (ECF Doc. 18) be GRANTED.

2.  That the clerk TRANSFER this case to the United States District Court for the Middle District of Alabama.

3.  That the clerk be directed to close this case.

At Pensacola, Florida, this 15th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.